IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTIN MARTINEZ AND DAVID VILLA | § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. 5:16-cv-01146 |
| VS. | § § § § | JURY |
| SEMON Y. SHAMO, SS KACHAL, LLC, AND LAND TRUCKING, LLC Defendants | § § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME MARTIN MARTINEZ and DAVID VILLA, Plaintiffs, complaining of Defendants, SEMON Y. SHAMO, SS KACHAL, LLC and LAND TRUCKING, LLC, and for cause of action would show as follows:

1.   Plaintiffs are residents of San Antonio, Bexar County, Texas.

2.   SS KACHAL, LLC, is a company organized and existing under the laws of the State of Michigan, doing business in the State of Texas.  Service of Defendant, SS KACHAL, LLC, may be had by issuing summons to its registered agent, **SYVIN SHAMO at 4353 Bloomfield Dr., Sterling Heights, Michigan 48310-3311.**

3.   LAND TRUCKING, LLC, is a company organized and existing under the laws of the State of Michigan, doing business in the State of Texas. Service of Defendant, LAND TRUCKING, LLC, may be had by issuing summons to its registered agent, **MAZNAA SALEH ALI at 4225 Bingham St., Dearborn, Michigan 48126.**

4.     SEMON Y. SHAMO is a resident of Sterling Heights, Michigan.  Service of Defendant, SEMON Y. SHAMO, may be had by issuing summons to: **SEMON Y. SHAMO at 4341 Bloomfield Dr., Sterling Heights, Michigan 48310.**

5.     Jurisdiction is proper in this Court pursuant to 28 U.S.C., § 1332, based upon diversity of citizenship and an amount in controversy exceeding seventy-five thousand dollars ($75,000.00). Venue is proper in this Court pursuant to 28 U.S.C., § 1391(a).

6      SS KACHAL, LLC and LAND TRUCKING, LLC, are engaged in a single business enterprise so intertwined in goals, purpose and operation as to be inseparable.  Because each of these entities is engaged in a single business enterprise, the acts of one are attributable to the other and all are liable for all the acts named herein.

7.     On June 2, 2016 at approximately 11:00 a.m., Martin Martinez was driving a vehicle, in which David Villa was a passenger, traveling northbound on IH-35 in San Antonio, Bexar County, Texas.  As Plaintiffs slowed down their vehicle due to traffic conditions ahead of them Defendant Semon Y. Shamo while operating his eighteen-wheeler and tractor trailer failed to slow down and rear-ended the Plaintiffs. Plaintiffs sustained serious and permanent damages and injuries as a result and claimed herein.

8.     On the occasion in question, Defendant, SEMON Y. SHAMO, was the employee and/or agent of Defendants SS KACHAL, LLC and LAND TRUCKING, LLC, and was acting in the course and scope of his employment and/or agency with Defendants SS KACHAL, LLC, and LAND TRUCKING, LLC. Defendant SEMON Y. SHAMO was at all relevant times under the full and complete supervision, direction and control of the Defendants SS KACHAL, LLC and LAND TRUCKING, LLC. At all times material to this lawsuit, Defendants SS KACHAL, LLC and LAND TRUCKING, LLC were a statutory employer of Defendant SEMON Y. SHAMO

under the Federal Motor Carrier Safety Regulations and the Texas Transportation Code. Moreover, the tractor and trailer driven by Defendant SEMON Y. SHAMO was owned by or subject to control by Defendants SS KACHAL, LLC and LAND TRUCKING, LLC, and all permits, federal and state certificates and licenses authorized and governing the use of the said tractor and trailer were issued to Defendants SS KACHAL, LLC and LAND TRUCKING, LLC. Defendants SS KACHAL, LLC and LAND TRUCKING, LLC are vicariously liable for the negligent acts and omissions of Defendant SEMON Y. SHAMO which proximately caused the injuries and property damage to the Plaintiffs.

9. Plaintiffs would show that on the occasion in question, Defendant, SEMON Y SHAMO, committed the following acts and/or omissions, each of which was negligence and each of which was a proximate cause of the injuries and damages suffered by Plaintiffs herein:

   (a) failing to maintain a proper lookout as an ordinary and prudent person would have done under the same or similar circumstances;

   (b) failing to control his speed;

   (c) failing to timely apply his brakes to avoid the collision in question;

   (d) failing to take the appropriate measures to avoid the collision in question;

   (e) failing to maintain a safe driving distance; and

   (f) driving the tractor and trailer at a speed greater than was reasonable and prudent under the circumstances, in violation of V.T.C.A., Transportation Code § 545.351, which constitutes negligence *per se.*

10. At all times relevant to the incident made the basis of this suit, Defendant, SEMON Y. SHAMO, was an employee, agent, or representative of Defendants, SS KACHAL, LLC and LAND TRUCKING, LLC. Under the doctrine of *respondeat superior*, Defendants are vicariously liable for Defendant SEMON Y. SHAMO's conduct in causing this incident. It

3

further appears that Defendants SS KACHAL, LLC and LAND TRUCKING, LLC., may have been negligent in its entrustment of the tractor-trailer to Defendant SEMON Y. SHAMO, and the qualification, hiring, training, supervision, and retention of Defendant SEMON Y. SHAMO.

11.     Defendant, SEMON Y. SHAMO, is guilty of gross neglect and/or malice.  On the occasion in question, said Defendant, while traveling at a much higher rate of speed than was reasonable under the circumstances, failed to apply his brakes to avoid the collision in question. Defendant SEMON Y. SHAMO's actions involved an extreme degree of risk to Plaintiffs and others at the time of the collision but nevertheless, Defendant SEMON Y. SHAMO proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs and others.

12.     Defendants SS KACHAL, LLC, and LAND TRUCKING, LLC had, and exercised, the sole right to train and supervise the drivers of its commercial motor vehicles. Defendants SS KACHAL, LLC, and LAND TRUCKING, LLC acting by and through its agents, servants and employees, were guilty of negligent acts and omissions including acts in violation of applicable laws, rules, ordinances and statutes, in connection with the training and supervision of Defendant SEMON Y. SHAMO as a driver of its truck:

- (a) hiring and/or retaining Defendant SEMON Y. SHAMO whom it knew or should have known was a reckless or incompetent driver;

- (b) entrusting a tractor and trailer to Defendant SEMON Y. SHAMO whom it knew or should have known was a reckless or incompetent driver;

- (c) In failing to adequately train Defendant SEMON Y. SHAMO;

- (d) In failing to adequately supervise and monitoring Defendant SEMON Y. SHAMO; and

- (e) In failing to implement, maintain and enforce adequate safety management controls and procedures to prevent collisions such as this from occurring.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants SS KACHAL, LLC, and LAND TRUCKING, LLC constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Plaintiffs' injuries and damages.

13. As a direct result of the Defendants' negligence and other wrongful conduct above-described, Plaintiffs have suffered, sustained and incurred, and in reasonable probability will continue to suffer, sustain and incur in the future, the following injuries and damages:

   a. Physical pain and suffering and mental anguish;

   b. Reasonable and necessary medical expenses;

   c. Physical impairment;

   d. Disfigurement;

   e. Loss of earning capacity; and

   f. Property damage and loss of use.

14. Plaintiffs hereby demand a trial by jury on all the issues contained herein or that may arise in the prosecution of this case.

15. **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be served with summons as required by law, and that, upon final hearing, Plaintiffs have judgment of and from Defendants for all of Plaintiffs' damages as previously specified, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, costs of court, exemplary damages, and any and all further relief to which Plaintiffs may be justly entitled either at law or in equity.

Respectfully submitted,


FELIX GONZALEZ LAW FIRM, P.C.
626 E. Quincy St.
San Antonio, Texas 78215
T. (210) 298-6666
F. (210) 298-6000
E. felix@felixgonzalezlaw.com



By: /s/ Felix Gonzalez_____
FELIX GONZALEZ
Texas State Bar No.: 00793829

*ATTORNEY-IN-CHARGE FOR PLAINTIFFS*